In the Matter of MAX S. REBARBER, an Attorney, Respondent.

First Department, December 18, 1931.

*Samuel C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

No appearance for the respondent.

FINCH, P. J. The respondent was admitted to practice under the name of Max Rebarber as an attorney and counselor at law in the State of New York on June 16, 1919, at a term of the Appellate Division of the Supreme Court, First Department.

In the petition herein he is charged with professional misconduct in five counts, as follows:

Charge No. 1. The respondent on June 17, July 5 and July 23, 1929, obtained from a client, one Dr. Callison, sums aggregating

$320 by falsely representing that the same were necessary for the payment of fees of a referee or receiver in a pending receivership or bankruptcy proceeding of the Cole Motor Company of New York. Thereafter he converted these funds to his own use. Further, the respondent falsely represented to Dr. Callison that an appeal, which he had been instructed by Dr. Callison to take from a Municipal Court judgment, had resulted in an order directing a new trial; that settlement negotiations were in progress with the attorneys for the defendant; that the defendant had gone into bankruptcy or receivership; that respondent had filed a claim on behalf of Dr. Callison; that the claim had been allowed in the sum of $1,590 and that it was about to be paid in full. All the foregoing representations were false at the time they were made, and were made for the purpose of deceiving his client, Dr. Callison.

Charge No. 2. In or about the month of November, 1927, one Jack Schetina entered into an agreement with one Joseph Kupferberg to purchase the latter's grocery store. The respondent acted as the attorney for both parties and, as such, received, on or about November 19, 1927, the sum of $1,000 for the purpose of paying the claim of Politziner Bros., Inc., among other creditors of Joseph Kupferberg. He failed to do so, and permitted Politziner Bros. to enter judgment against Schetina in the sum of $208.15, no part of which has ever been paid. The respondent converted to his own use said sum of $208.15.

Charge No. 3. On March 23 and April 9, 1928, the respondent received sums aggregating $2,800 to be held in escrow pursuant to an agreement of purchase and sale of a grocery and dairy business between Aaron Schwartzberg and Henry E. Goper, for both of whom the respondent's firm acted as attorneys. The respondent converted the entire sum to his own use.

Charge No. 4. The respondent, in the early part of August, 1930, obtained the sum of fifteen dollars by requesting a client, one Levenback, to cash his check upon an account which the respondent knew had been closed for many months. Further, that the respondent, having been retained by Levenback to collect a number of judgments, was paid fifty dollars on account of disbursements. Because of the conduct of the respondent in respect of the above-mentioned transaction, Levenback retained another attorney to collect the aforesaid fifteen-dollar check, to obtain the return of the judgments given the respondent for collection, as well as the fifty dollars paid the respondent on account of disbursements. The respondent thereafter paid the fifteen dollars obtained on the bad check and promised to return all the papers in connection with the judgments turned over to him by Leven-

back, and twenty-five dollars of the money that had been paid him. He failed, however, to do either.

Charge No. 5. On April 17, 1930, the respondent, by false representations, obtained from one Rosenberg fifteen dollars by procuring Rosenberg to cash a check signed with a fictitious name upon a bank in which the respondent had no account.

The respondent answered and the matter was referred to an official referee to take testimony in regard to the charges and report the same together with his opinion thereon to this court.

The learned referee has duly reported, finding the respondent guilty as charged. The petitioner now moves that this court take appropriate action in the matter.

The record fully sustained the findings of the referee. There is practically no dispute as to the facts. The respondent submitted no defense. In this connection the learned referee has reported as follows: " On October 30, 1931, the day fixed peremptorily for hearing the defense of the respondent, an application for a further adjournment was made in a telegram from the respondent. I denied the application and declared the hearing closed for the following reasons:

" The first hearing was held on September 25, 1931. The respondent appeared in person. October 7th and October 9th were reserved for taking testimony. On October 7th the respondent applied for an adjournment. This application was denied, the hearing proceeded, and he (respondent) cross-examined the witness for the petitioner on the first charge specified in the petition. An adjournment was taken to October 9th.

" On October 9th Mr. Basicco, from the office of Mr. Taussig, an attorney, appeared on behalf of the respondent and requested an adjournment, stating that he understood Mr. Taussig had received a message that the respondent was ill. Just before the hearing commenced I received a telegram signed by the respondent, stating that he had been taken ill on the night before the day of the hearing, and requesting an adjournment. The application for an adjournment was denied, as there was no excuse presented in legal form, and I did not believe the respondent's statement made in the telegram that he was ill. It seems that the respondent was not too ill on the forenoon of that same day, according to the testimony of Mr. Rosenberg, to call the latter on the telephone and attempt to prevail upon him to testify falsely.

" The hearing proceeded on October 9th and was further adjourned to October 15th. On October 15th the respondent appeared and requested the privilege of subpœnaing, for cross-examination, the witness who testified on October 9th. This

requcst was granted. The hearing proceeded and the respondent cross-examined witnesses. The petitioner having submitted all of its proof on the second charge specified in the petition, the respondent requested that he be given an opportunity to produce certain cancelled vouchers to show that he had properly disbursed the money which he was charged with converting to his own use. Notice to produce these vouchers had been served by the petitioner. This application was granted.

" On the adjourned day, October 16th, the respondent again failed to appear, but Mr. Louis N. Halperin, an attorney, appeared for the respondent and stated that a clerk in his office had received a telephone message from the respondent that he desired an opportunity of obtaining his vouchers so that he could present his defense upon an adjourned day. No application was made for an adjournment of the hearing scheduled for this day, October 16th.

" This request made by Mr. Halperin was granted, and October 23rd was fixed for the purpose of hearing the defense.

" On October 23rd the respondent again failed to appear, but sent a telegram stating: 'Away all week. Impossible to arrange for witnesses and record. Have not read testimony of witnesses heard during absence at Lewis' office. Respectfully request final adjournment one week to present records and defense.'

" I again granted this application and requested the attorney for the petitioner to write the respondent as is set forth in the letter sent to the respondent by registered and regular mail, of which the following is a copy:

" ' *Oct.* 23rd, 1931.

" ' Max S. Rebarber, Esq.,
" ' 261 Broadway,
" ' New York City.

" ' Dear Sir: Judge Marks, after reading your telegram this morning, directed me to write you that a final adjournment would be granted to next Friday, October 30, 1931, at 10 a. m., and that you must be ready to proceed at that time with your defense. * * *.'

" On October 30th, the day fixed peremptorily for hearing the defense, the respondent again failed to appear, but sent a telegram, of which the following is a copy:

" ' Charles Taussig and Isaac Weisblatt witnesses without whom I cannot proceed unavailable. Taussig up State few days. Weisblatt ill. Must request adjournment. One week sufficient.' "

The learned referee further states as follows: " In my opinion, based upon a consideration of all the evidence, the nature of the several charges enumerated in the petition, the trickery, chicanery

and subterfuges to which the respondent resorted as testified to by the many witnesses called by the petitioner to sustain these charges, there are not and never were any vouchers in existence showing that the respondent used the moneys of his clients for the purposes for which they were intrusted to him, or which would prove or tend to support his defense that he did not convert the moneys to his own use. The respondent never intended, in my opinion, to take the witness stand in his own behalf to show how he had disposed of his clients' moneys or to deny the various acts of misconduct proven against him.

" The record made before me in this proceeding abounds with instances of dilatory tactics and promises made but never intended to be kept or performed, to which the respondent resorted in his dealings with his clients and others, and so his applications for adjournments and promises to produce vouchers and witnesses were also made in bad faith and only to prolong the hearings with nothing gained or intended to be gained by him except delay."

The record amply sustains the findings and conclusions of the learned referee. The unfitness of the respondent to remain a member of an honorable profession has been clearly shown.

The respondent must be disbarred.

MERRELL, McAVOY, MARTIN and SHERMAN, JJ., concur.

Respondent disbarred.